IN THE CIRCUIT COURT FOR BALTIMORE COUNTY, MARYLAND

DALAS THEREISA CROWDER                        *
2312 Berkley Street                           *
Temple Hills, MD 20748                        *
                                              *
On her own behalf and on behalf of            *
all others similarly situated                 *
                                              *              JFM 06CV 707
              Plaintiffs                       *
                                              *
                                              *     Case No. 03-C-06-001362
       vs.                                    *
                                              *
                                              *
AMERICREDIT FINANCIAL SERVICES, INC.          *
200 Bailey Avenue                             *
Forth Worth, Texas 76107                      *
                                              *
Serve on:                                     *
The Prentice Hall Corporation System          *
11 East Chase Street                          *
Baltimore, Maryland 21202                     *
                                              *
              and                             *
                                              *
CAVALRY INVESTMENTS, LLC                       *
1013 Centre Road                              *
Wilmington, DE 19805                          *
                                              *
Serve on:                                     *
The Corporation Trust Incorporated            *
300 E. Lombard Street                         *
Baltimore, MD 21202                           *
                                              *
              and                             *
                                              *
                                              *
CAVALRY PORTFOLIO SERVICES, LLC               *
4050 E. Cotton Center Blvd.                   *
Building 2, Suite 20                          *
Phoenix, Arizona 85040                        *

RECEIVED AND FILED
06 FEB -7 PM 2: 28

CLERK OF THE CIRCUIT
BALTIMORE COUNTY

Serve on:
The Corporation Trust Incorporated     *
300 E. Lombard Street     *
Baltimore, MD 21202     *
    *
      Defendants.     *

## COMPLAINT

Plaintiff Dalas Thereisa Crowder ("Named Plaintiff"), on her own behalf and on behalf of all others similarly situated, by and through attorneys Kieron F. Quinn and Richard S. Gordon of QUINN, GORDON & WOLF, CHTD., Mark H. Steinbach of O'TOOLE, ROTHWELL, NASSAU & STEINBACH, and Peter A. Holland and Benjamin H. Carney of THE HOLLAND LAW FIRM, P.C., alleges and states as follows:

1.     This is a Complaint against Americredit Financial Services, Inc. ("AMERICREDIT") and against Cavalry Investments, LLC and Cavalry Porfolio Services, LLC (collectively "CAVALRY") for violating statutory, common law and contractual obligations. Named Plaintiff and the Class are persons whose motor vehicles were financed in Maryland through credit contracts assigned to AMERICREDIT but whose vehicles were later repossessed and sold by AMERICREDIT at private sales.

2.     AMERICREDIT extends credit to borrowers who are unable to obtain car loans from traditional financing sources because of poor credit or low income. These non-prime borrowers, as a group, are associated with above-average delinquency and default rates. Each year, AMERICREDIT repossesses a large number of motor vehicles from Maryland residents. In the event its customer fails to reinstate the contract or

redeem the vehicle following repossession, AMERICREDIT sells the customer's vehicle and applies the proceeds toward the balance on the customer's account. In most cases, the sums AMERICREDIT obtains for these vehicles is not sufficient to pay off its customer's motor vehicle loan, resulting in a deficiency balance.

3.    AMERICREDIT's practice is to send its Maryland customers form notices of the pending sale and, thereafter, form notices of the claimed deficiency, as to which it demands payment. If AMERICREDIT is not able to make payment arrangements with its customer which it regards as satisfactory, it charges off these alleged debts and sells them to Cavalry Investments, LLC. In turn, Cavalry Investments, LLC assigns the alleged debts to Cavalry Portfolio Services, LLC, which pursues collection action, including filing suit against AMERICREDIT's customers.

4.    Through its use of deficient form notices, AMERICREDIT has deprived Maryland customers whose vehicles it repossessed with disclosures mandated by law. Specifically, AMERICREDIT violated Maryland law by failing to disclose to Named Plaintiff and the Class the time and place repossessed vehicles would be sold. AMERICREDIT again violated Maryland law by failing to provide Named Plaintiff and the Class with material facts whose disclosure is specifically required following the private sale of a repossessed vehicle – including such basic information as the identity of the buyer, the number of bids sought and received and information about the condition of the car at the time of repossession.

5.    As a result of AMERICREDIT's acts and omissions, Maryland law bars

-3-

AMERICREDIT and those who seek to collect on its claimed deficiency balances from collecting any alleged deficiency which remains after sale of the repossessed vehicle. Maryland law also enables Named Plaintiff and the Class to seek and recover compensatory damages, statutory penalties and damages, and declaratory and injunctive relief. AMERICREDIT's violations of Maryland law have enriched Defendants unfairly at the expense of Maryland borrowers, a practice this suit seeks to end.

6.      AMERICREDIT's use of form notices which omit material information required by Maryland law makes this case particularly suitable for resolution through a class action lawsuit.

## PARTIES

7.      Dalas Thereisa Crowder is a resident of Temple Hills, Maryland who entered into a contract to purchase a vehicle from a Maryland dealership, and who entered into a Maryland credit contract by which she financed the purchase of her vehicle.

8.      AMERICREDIT is a Delaware corporation with its principal place of business in Texas. AMERICREDIT is licensed in Maryland, and regularly conducts business in Baltimore County, Maryland. AMERICREDIT is primarily engaged in the business of purchasing and collecting on credit contracts from buyers who typically are unable to obtain financing from traditional sources.

9.      Cavalary Investments, LLC is a Delaware corporation with its principle place of business in Hawthorne, New York. It regularly purchases accounts from AMERICREDIT which it assigns, in turn, to its affiliate, Cavalry Portfolio Services,

LLC, for collection purposes.

10.     Cavalry Portfolio Services, LLC is a Delaware corporation affiliated with Cavalry Investments, LLC. It does business on a nationwide basis and maintains offices in New York, Arizona, Oklahoma and Minnesota. Cavalary Portfolio Services, LLC accepts assignment of alleged debt from Cavalry Investments, LLC, attempts to collect that debt and, if needed, files a lawsuit to collect on the alleged debt. At all times relevant to this Complaint, Cavalry Portfolio Services, LLC has acted as agent for Cavalry Investments, LLC; the latter is responsible for the acts and omissions of Cavalry Portfolio Services, LLC as if it had engaged in the very same acts and omissions. CAVALRY has no greater rights to collect on the alleged debts than AMERICREDIT and its rights to collect the alleged debt are subject to and limited by AMERICREDIT's statutory violations as set forth in this Complaint.

## VENUE

11.     Venue is proper in Baltimore County because AMERICREDIT carries on a regular business with car dealerships and customers located in Baltimore County and sells accounts arising out of same to CAVALRY, which carries on a regular business of collecting on these accounts in Baltimore County.

## FACTUAL ALLEGATIONS

12.     In September, 1998, Ms. Crowder purchased a new Nissan Sentra from Passport Nissan of Marlow Heights, a Maryland dealer. Ms. Crowder's purchase was financed through a Credit Sale Contract and Disclosure Statement (Maryland) ("credit

contract") attached as **EXHIBIT** 1. In the paragraph titled "**Governing Law**" on the reverse side of the credit contract, the contract provides that credit is extended exclusively under Subtitle 10 of Title 12 of the Commercial Law article (i.e., Maryland's Credit Grantor Closed End Credit Provisions – hereafter abbreviated as "CLEC"), and federal law.

13.     Ms. Crowder purchased the Nissan primarily for personal, household and family purposes.

14.     The dealership, Passport Nissan of Marlow Heights, arranged the financing for Ms. Crowder's purchase of the Nissan. The credit contract by which Ms. Crowder financed her purchase was subsequently assigned to AMERICREDIT, which accepted the contract and received monthly payments from Ms. Crowder.

15.     On or about April 12, 2002, AMERICREDIT and/or its agents seized and repossessed the Nissan, writing to her that the car would be sold unless she reinstated or redeemed her contract. *See* **EXHIBIT** 2, Notice of Our Plan to Sell Property. This form letter failed to advise Ms. Crowder of basic information about the time and place of the proposed sale.

16.     On or about August 6, 2002, AMERICREDIT sent Ms. Crowder a letter advising her car had been sold, stating the amount of the deficiency which remained after sale, making a demand for payment of the "debt" and noting that it may take any legal action necessary to recover the "debt." *See* **EXHIBIT** 3, Deficiency Calculation.

17.     Maryland's Credit Grantor Closed End Credit Provisions ("CLEC"), Md.

Comm. Law Code Ann., §12-1001 *et seq.*, governs AMERICREDIT's extension of credit

to Ms. Crowder and all members of the Class. CLEC requires that credit grantors such as

AMERICREDIT sell repossessed vehicles in a commercially reasonable manner, provide

a full accounting of sale proceeds and disclosure of certain material facts to its borrowers:

> (j) *Sale or auction - Authorized, notice; commercially reasonable manner; accounting. --*
> (1) (i) Subject to subsection (1) of this section, the credit grantor shall sell the property that was repossessed at:
> 1. Subject to paragraph (2) of this subsection, a private sale; or
> 2. A public auction.
> (ii) **At least 10 days before the sale, the credit grantor shall notify the consumer borrower in writing of the time and place of the sale, by certified mail, return receipt requested, sent to the consumer borrower's last known address.**
> (iii) Any sale of repossessed property must be accomplished in a commercially reasonable manner.
> (2) **In all cases of a private sale of repossessed goods under this section, a full accounting shall be made to the borrower in writing and the seller shall retain a copy of this accounting for at least 24 months. This accounting shall contain the following information:**
> (i) The unpaid balance at the time the goods were repossessed;
> (ii) The refund credit of unearned finance charges and insurance premiums, if any,
> (iii) The remaining net balance;
> (iv) The proceeds of the sale of the goods;
> (v) The remaining deficiency balance, if any, or the amount due the buyer;
> (vi) All expenses incurred as a result of the sale;
> (vii) **The purchaser's name, address, and business address;**
> (viii) **The number of bids sought and received; and**
> (ix) **Any statement as to the condition of the goods at the time of repossession which would cause their value to be increased or decreased above or below the market value for goods of like kind and quality.**
>
>    \*   \*   \* (emphasis supplied)

Md. Comm. Law Code Ann., §12-1021(j) (2005 Replacement Volume).

18. AMERICREDIT's form notice attached as Exhibit 2 violates CL §12-1021(j)(1)(ii) because it fails to notify Named Plaintiff of the time and place her car will be sold. On information and belief, Plaintiff avers that AMERICREDIT sent similar form notices to all of its other Maryland borrowers whose vehicles were repossessed, and that AMERICREDIT's form notice to all members of the Class also failed to inform the Class of the time and place at which their vehicles would be sold, in violation of CL §12-1021(j)(1)(ii).

19. AMERICREDIT's form notice attached as Exhibit 3 violates CL §12-1021(j)(2) by failing to make the full accounting required by this statute for vehicles sold at private sale. Among its deficiencies, AMERICREDIT's form notice fails to disclose to Named Plaintiff (i) the purchaser's name, address, and business address; (ii) the number of bids sought and received; and (iii) the condition of the goods at the time of repossession which would cause their value to be increased or decreased above or below the market value for goods of like kind and quality. On information and belief, Plaintiff avers that AMERICREDIT sent similar form notices to all of its other Maryland borrowers whose repossessed vehicles were sold at private sale, and that AMERICREDIT's form notice to all members of the Class also failed to provide the Class with the full accounting and disclosures required by CL §12-1021(j)(2), including (i) the purchaser's name, address, and business address; (ii) the number of bids sought and received; and (iii) the condition of the goods at the time of repossession which would cause their value to be increased or decreased above or below the market value for goods

-8-

of like kind and quality, in violation of CL §12-1021(j)(2).

20. AMERICREDIT's failure to provide the full accounting and material facts whose disclosure is mandated by CL §12-1021(j) deprived Named Plaintiff and members of the Class of information and benefits to which they were entitled by law. The disclosures mandated by CL §12-1021(j) are intended to help borrowers like the Named Plaintiff and the Class protect their interests in their vehicle, and to hold a credit grantor such as AMERICREDIT accountable for selling the vehicle in a commercially reasonable manner. Without disclosure of the information required by CL §12-1021(j), Named Plaintiff and members of the Class do not know how long they have to redeem the vehicle, do not know whether there has been a *bona fide* private sale, and do not know whether AMERICREDIT's claimed deficiency is reasonable.

21. On information and belief, Named Plaintiff avers that AMERICREDIT charged off her account and sold the alleged debt to Cavalry Investments, LLC. Plaintiff further avers on information and belief that Cavalry Investments, LLC has assigned Ms. Crowder's alleged debt to Cavalry Portfolio Services, LLC, which has filed or shortly will file a collection suit against Ms. Crowder. Ms. Crowder has not been served with any lawsuit regarding this matter.

22. Absent strict compliance with the statutorily required notices regarding repossession, a Maryland credit grantor may not lawfully assess or collect any deficiency from consumer borrowers, or any other person liable under the contract, following disposition of the repossessed property. The CLEC statute specifically provides:

-9-

If the provisions of this section, including the requirement of furnishing a notice following repossession, are not followed, the credit grantor shall not be entitled to any deficiency judgment to which he would be entitled under the loan agreement.

CL §12-1021(k)(4).

23.   In addition, absent strict compliance with the statutorily required notices regarding repossession, a credit grantor "may collect only the principal amount of the loan and may not collect any interest, costs, fees, or other charges with respect to the loan." CL §12-1018(a)(2).  A credit grantor who knowingly violates any provision of the CLEC is liable for statutory damages of three times the interest, costs, fees and other charges collected in excess of that authorized by CLEC.  CL §12-1018(b).

24.   On information and belief, Plaintiffs aver that before selling a vehicle following its repossession, and as a part of its routine business practices in Maryland, AMERICREDIT systematically and regularly fails to send its Maryland customers a written notice via certified mail, return receipt requested, giving the customer at least 10 days notice of the time and place of the sale,  in violation of CL §12-1021j(1)(ii).

25.   On information and belief, Plaintiffs aver that as a part of its routine business practices in Maryland, AMERICREDIT systematically and regularly sends "deficiency calculation" notices to its Maryland customers with credit contracts governed by CLEC which do not provide the full accounting and disclosures mandated by CLEC at CL §12-1021(j)(2).  Specifically, AMERICREDIT routinely and regularly omits from its disclosures (i) a statement of the purchaser's name, address, and business address; (ii) a

statement of the number of bids sought and received; and (iii) a statement as to the condition of the goods at the time of repossession which would cause their value to be increased or decreased above or below the market value for goods of like kind and quality.

26. On information and belief, Plaintiffs aver that notwithstanding AMERICREDIT'S failure to comply with CLEC's mandatory notice requirements, Defendants have knowingly assessed, demanded and attempted to collect or have collected alleged deficiency balances from Named Plaintiff and the Class, for which the borrowers were not liable as a matter of law. Defendants have made unlawful collection demands to Named Plaintiff and the Class, have falsely represented to those borrowers that deficiency balances were owed, have collected money from borrowers to which they were not entitled, and have threatened to sue, and have sued, borrowers who did not owe any deficiency. At all relevant times, Defendants have had actual knowledge that Named Plaintiff and the Class were not liable for any deficiency as a result of AMERICREDIT'S failures to comply with CLEC, but have nevertheless persisted in their unlawful collection activities. Defendants have not returned to Named Plaintiff and the Class the interest, costs, fees and other charges which Defendants must forfeit on each credit contract pursuant to CLEC, CL §12-1018(a)(2). Unless and until this Court grants the declaratory and injunctive relief Plaintiffs seek through this action, Defendants will continue to engage in business practices which violate CLEC and which result in deficiency judgments to which Defendants are not entitled.

## CLASS ACTION ALLEGATIONS

27.    Named Plaintiff brings this action on behalf of a Class which consists of all persons whose vehicles were repossessed and sold at private sale by AMERICREDIT pursuant to a credit contract governed by CLEC, as to whom AMERICREDIT:

        (a)      did not send its customer a pre-sale notice which complied with CLEC, §12-1021(j)(1)(ii); and/or,

        (b)      did not send its customer the post-sale accounting and disclosures mandated by CLEC, CL §12-1021(j)(2).

Excluded from the Class are those individuals who now are or have ever been executives of any of the Defendants and the spouses, parents, siblings and children of all such individuals, as well as individuals against whom a judgment has been granted in favor of any Defendant on their AMERICREDIT motor vehicle loan.

28.    The Class, as defined above, is identifiable. The Named Plaintiff is a member of the Class.

29.    The Class consists, at a minimum, of several hundreds or thousands of persons who entered into credit contracts in Maryland which were assigned to AMERICREDIT and whose vehicles were subsequently repossessed and sold, and is thus so numerous that joinder of all members is clearly impracticable.

30.    There are questions of law and fact which are not only common to the Class but which predominate over any questions affecting only individual class members. The common and predominating questions include, but are not limited to:

(a) Whether AMERICREDIT failed to provide notices required by and compliant with CLEC, CL §12-1021(j)(1)(ii) to borrowers whose motor vehicles were repossessed;

(b) Whether AMERICREDIT failed to provide the full accounting and disclosures required by and compliant with CLEC, CL §12-1021(j)(2) to borrowers whose motor vehicles were repossessed and sold at a private sale;

(c) Whether AMERICREDIT knowingly violated CLEC provisions and therefore should be required to forfeit three times the amount of interest, fees and other charges collected in excess of those allowed by CLEC;

(d) Whether each Defendant misrepresented in writing to the Class the Defendants' right to collect funds from members of the Class;

(e) Whether AMERICREDIT breached the credit contracts it accepted for each Class member by failing to comply with CLEC;

(f) Whether AMERICREDIT or CAVALRY assessed, attempted to collect and/or collected deficiency balances from members of the Class that it had no legal right to demand or collect, and for which the Class members were not liable; and

(g) Whether declaratory and injunctive relief is proper, and a writ of mandamus should issue, to prevent Defendants from continuing to seek deficiency judgments in violation of CLEC and to compel Defendants' compliance with CLEC.

31.     Claims of the Named Plaintiff are typical of the claims of the respective members of the Class within the meaning of Rule 2-231(a)(3), and are based on and arise

out of similar facts constituting the wrongful conduct of Defendants. The prosecution of separate actions by individuals members of the Class would create a risk of establishing incompatible standards of conduct for Defendants, within the meaning of Rule 2-231(b)(1)(A).

32.     Defendant AMERICREDIT's actions on the one hand, and Defendant CAVALRY'S actions on the other, are generally applicable to the respective Class as a whole, and Plaintiffs seek equitable remedies with respect to the Class as a whole, within the meaning of Rule 2-231(b)(2).

33.     Common questions of law and fact enumerated above predominate over questions affecting only individual members of the Class, and a class action is the superior method for fair and efficient adjudication of the controversy, within the meaning of Rule 2-231(b)(3). The likelihood that individual members of the Class will prosecute separate actions is remote due to the time and expense necessary to conduct such litigation. Plaintiffs' counsel are experienced in class actions, and foresee little difficulty in the management of this case as a class action.

## COUNT ONE
### (MARYLAND CREDIT GRANTOR CLOSED END CREDIT PROVISIONS)

34.     Plaintiff realleges and incorporates by reference the allegations set forth in Paragraphs 1 through 33, and further alleges:

35.     Maryland's Credit Grantor Closed End Credit Provisions, CL §12-1001 *et seq.*, permit credit grantors such as AMERICREDIT to provide closed end credit under

-14-

certain circumstances and subject to certain limitations, including compliance with CLEC provisions relating to repossession and sale of motor vehicles. If a credit grantor timely provides a borrower with the required post-repossession notices, accounting and disclosures mandated by CL §12-1021(j), the credit grantor may obtain a deficiency judgment and retain the interest, costs, fees and other charges assessed during the course of its extension of credit. In the event, however, that the credit grantor fails to provide the required timely post-repossession notices, accounting and disclosures, the credit grantor may not obtain a deficiency judgment [CL §12-1021(k)(4)] and must forfeit all interest charges, fees and other charges with respect to the loan [CL 12-1018(a)(2)].

36.     In violation of CL §12-1021(j)(1)(ii), AMERICREDIT failed to notify Named Plaintiff and members of the Class of the time and place where their repossessed vehicles would be sold in writing by certified mail, return receipt requested, sent to the borrower's home address at least ten days prior to the sale.

37.     In violation of CL §12-1021(j)(2), AMERICREDIT failed to provide Named Plaintiff and members of the Class with a written full accounting and the disclosures mandated by this statute after the private sale of repossessed motor vehicles, including (i) a statement of the purchaser's name, address, and business address; (ii) a statement of the number of bids sought and received; and (iii) a statement as to the condition of the goods at the time of repossession which would cause their value to be increased or decreased above or below the market value for goods of like kind and quality.

-15-

38.     AMERICREDIT knowingly engaged in these violations of CLEC, CL §12-1021(j).

## COUNT TWO
### (BREACH OF CONTRACT)

39.     Plaintiff realleges and incorporates by reference the allegations set forth in Paragraphs 1 through 38, and further alleges·

40.     Maryland's Credit Grantor Closed End Credit Provisions law was in effect at the time the credit contracts of Named Plaintiff and all members of the Class were signed by them and assigned to AMERICREDIT. The provisions of the CLEC statute become a part of the contract just as if the parties expressly included the CLEC provisions in their credit contracts.

41.     When AMERICREDIT violated CLEC as set forth above, AMERICREDIT materially breached its contracts with Named Plaintiff and the members of the Class.

42.     As a result of AMERICREDIT's breaches of contract with Named Plaintiff and members of the Class, Named Plaintiff and members of the Class have been damaged. Named Plaintiff and members of the Class have been deprived of the substantial rights granted to them by CLEC, including (i) the right to know when and where the sale of their vehicle would take place, (ii) the ability to fully evaluate whether to reinstate their account or redeem their vehicle, (iii) and ability to identify the final date they would have within which to redeem their vehicle, (iv) the information needed to

-16-

evaluate whether AMERICREDIT's demand for payment of the alleged deficiency was reasonable, (v) the information needed to determine whether the sale of the vehicle was commercially reasonable, (vi) the ability to determine whether there should have been surplus funds available for return by AMERICREDIT, (vii) the information needed to defend against any suit for a deficiency judgment. In addition, Named Plaintiff and the Class also sustained financial damages as a result of AMERICREDIT's failure to return all of the interest, costs, fees and other charges collected on their loans, and Named Plaintiff and the Class sustained other damages and losses.

**COUNT THREE**
**(DECLARATORY AND INJUNCTIVE RELIEF)**

43.     Plaintiff realleges and incorporates by reference the allegations set forth in Paragraphs 1 through 42, and further alleges:

44.     This claim for declaratory relief is brought under the Maryland Uniform Declaratory Judgments Act, Counts and Judicial Proceedings, §3-401 *et seq.* to settle and obtain relief from uncertainty and insecurity with respect to the rights, status and legal relations under the credit contracts of the Named Plaintiff and members of the Class and the consumer protections embodied in Maryland's Credit Grantor Closed End Credit Provisions.

45.     AMERICREDIT and CAVALRY maintain they each may collect a deficiency balance from Named Plaintiff and members of the Class even though AMERICREDIT failed to provide Named Plaintiff and members of the Class with the

timely post-repossession notices required by Maryland's Credit Grantor Closed End Credit Provisions.

46.     Named Plaintiff and members of the Class have received or will receive collection notices from Defendants demanding payment of the alleged deficiency balance, and have been sued or will be sued to collect the sums which Defendants claim is due. Moreover, Defendants also notify credit reporting agencies to whom they report (including Equifax, TransUnion and Experien) of the alleged balances due, thereby damaging the credit scores and history of Named Plaintiff and the Class.

47.     These practices continue and will continue unless and until this Court declares and affirms that Defendants may not collect any alleged deficiency balance unless AMERICREDIT has provided Named Plaintiff and members of the Class with the timely post-repossession notices mandated by CLEC, CL §12-1021(j).

48.     This presents an actual, judicable controversy between the parties relating to the construction of the credit contract of Named Plaintiff and members of the Class and the application of Maryland's Credit Grantor Closed End Credit Provisions to those contracts because Defendants have sought or likely will seek to collect on the alleged deficiency balances, including through filing a collection action in court, and Defendants continue to harm Named Plaintiff and members of the Class by reporting false and derogatory information to credit reporting agencies regarding the accounts in question.

49.     Named Plaintiff and members of the Class have a right to be free from Defendants' attempts to collect deficiency balances, interest, fees, costs and other charges

which are not collectible as a matter of law under the terms of its contracts with Named Plaintiff and members of the Class.

50. The benefits to Named Plaintiff and members of the Class in obtaining an injunction outweigh any potential harm Defendants would incur as a result of an injunction, under the balance of the convenience test, as Defendants have no legal or contractual right to collect deficiency balances from Named Plaintiff and members of the Class, and Named Plaintiff and members of the Class would greatly benefit from being relieved of Defendants' attempts to collect these illegal charges.

51. Named Plaintiff and members of the Class will suffer irreparable injury unless the requested injunctions are granted, as Defendants will continue to attempt to collect, and collect, deficiency balances, interest, costs, fees and other charges from them in violation of the law, and Defendants will report erroneous and derogatory information to the credit reporting agencies regarding Named Plaintiff and members of the Class based on the illegally imposed charges.

52. The public interest is best served by granting the requested injunctions, as the public and the State have a compelling interest in preventing Defendants from violating the statutory and common law of this State in their respective repossession and/or collection practices, and a compelling interest in seeing the laws of this State obeyed.

53. Named Plaintiff and members of the Class are likely to succeed on the merits of this action, as the CLEC explicitly requires that AMERICREDIT send specific

-19-

and mandatory notices which comply with the statute to Named Plaintiff and members of the Class which it did not send.

## COUNT FOUR
### (RESTITUTION AND UNJUST ENRICHMENT)

54. Plaintiff realleges and incorporates by reference the allegations set forth in Paragraphs 1 through 53, and further alleges:

55. By paying money on deficiency balances, interest, fees, costs and other charges claimed by Defendants, Named Plaintiff and members of the Class conferred a benefit of these illegally collected charges upon Defendants.

56. Defendants accepted the benefits conferred upon them by Named Plaintiff and members of the Class when they accepted the money paid toward illegally assessed deficiency balances, interest, costs, fees and other charges. Further, Defendants were aware of, and had knowledge of, the benefits conferred on them, as it demanded those benefits.

57. Defendants' collection, acceptance and retention of these charges, when Defendants were not entitled to the charges as a matter of law, is and was and continues to be unjust and inequitable, and Defendants have not refunded the charges to Named Plaintiff and members of the Class. Defendants should not be permitted to retain the benefits of those illegal charges. Defendants' continued withholding of the illegal charges is improper.

58. Named Plaintiff and members of the Class conferred these unjust benefits

upon Defendants after and as a result of Defendants' misconduct as set forth herein.

## COUNT FIVE
### (MARYLAND CONSUMER PROTECTION ACT)

59.     Plaintiff realleges and incorporates by reference the allegations set forth in Paragraphs 1 through 58, and further alleges:

60.     Maryland's Consumer Protection Act ("CPA"), Md. Comm. Law Code Ann., §13-101 *et seq.*, prohibits any "person" from engaging in any unfair or deceptive trade practices, *inter alia*, in the extension of consumer credit and in the collection of consumer debts. CL §13-303(3) and (4).

61.     As "persons" under the CPA, CL §13-101(h), Defendants are prohibited from engaging in unfair and deceptive trade practices.

62.     The CPA specifically prohibits Defendants from making any false or misleading oral or written statement or other representation of any kind which has the capacity, tendency or effect of deceiving or misleading consumers [CL §13-301(1)].

63.     The CPA further prohibits Defendants from failing to state a material fact if the failure deceives or tends to deceive [CL §13-301(3)].

64.     In violation of the CPA, CL §13-303(3) - (4) and §13-301(1), Defendants notified Named Plaintiff and members of the Class in writing that Named Plaintiffs and members of the class owed Defendants deficiency balances which, in fact, Named Plaintiffs and members of the Class did not owe. These written statements were false and misleading and tended to and did deceive Named Plaintiff and members of the Class,

-21-

many of whom made payments to Defendants which were not due and owing

65. In violation of the CPA, CL §13-303(3) - (4) and §13-301(3), Defendants failed to disclose to Named Plaintiff and members of the Class the material fact that they did not have the right to collect a deficiency judgment. This failure to disclose material facts led Named Plaintiff or members of the Class to make payments which were not due and which they would not have made had Defendants informed them of this material fact.

66. Defendants committed unfair and deceptive practices by collecting on alleged debts which, in fact, were not due and this conduct constitutes unfair and deceptive trade practices in violation of the CPA, §13-101 *et seq.*, including CL §§13-303(3) and (4), and §§13-301(1) and (3).

67. As a result of Defendants' unfair and deceptive trade practices in violation of the CPA, Named Plaintiff or members of the Class were induced to make payments to Defendants on deficiency balances, causing Named Plaintiff or members of the Class injury and loss.

68. In violation of the CPA, CL §§13-303(3) - (4) and §13-301(1), and as part of an effort to compel Named Plaintiff and members of the Class to make payments which were not due, Defendants made false and misleading reports to credit reporting agencies regarding the amounts which Named Plaintiff and members of the Class owed on their accounts.

WHEREFORE, Plaintiffs pray that:

A.  The Court enter a declaratory judgment establishing that AMERICREDIT and CAVALRY may not collect any claimed deficiency balance, or any interest, fees, costs or other charges on a loan account of Named Plaintiff and members of the Class;

B.  The Court enter an order granting Named Plaintiff and members of the Class a preliminary and permanent injunction prohibiting AMERICREDIT and CAVALRY from collecting or attempting to collect alleged deficiency balances, or interest, fees, costs or other charges from Named Plaintiff and members of the Class; in addition, Named Plaintiff and the Class pray that this Court promptly issue a writ of mandamus to District Courts throughout the State of Maryland staying collection actions Defendants have brought based on CLEC contracts against Named Plaintiff and members of the Class.

C.  The Court enter an order requiring AMERICREDIT within 30 days to notify all credit reporting agencies to whom it reports that (i) Named Plaintiff and members of the Class have a zero balance on their accounts, and (ii) removing any notation to the effect that the account has been charged off;

D.  The Court order that AMERICREDIT and CAVALRY pay to Named Plaintiff and members of the Class the statutory penalties imposed by

CLEC, CL §12-1018(a)(2) by returning to Named Plaintiffs and members of the Class all sums each paid as interest, costs, fees or other charges;

E. The Court enter judgment in favor of Named Plaintiff and members of the Class against AMERICREDIT and CAVALRY in the amount of all sums paid by Named Plaintiff and members of the Class toward the claimed deficiency balance, interest, fees, costs and other charges;

F. Pursuant to CL §12-1018(b), the Court enter judgment in favor of Named Plaintiff and members of the Class against AMERICREDIT and CAVALRY in an amount three times the interest, costs, fees, and other charges each collected in excess of that allowed by CLEC;

G. The Court enter judgment in favor of Named Plaintiff and the Class against AMERICREDIT for such compensatory damages as the evidence shall warrant;

H. The Court enter an award of pre-judgment and post-judgment interest on all sums award to Named Plaintiff and members of the Class;

I. The Court award to Named Plaintiff and members of the Class reasonable counsel fees and the costs of these proceedings; and,

J. The Court order such other and further relief as the nature of this case may require.

QUINN, GORDON & WOLF, CHTD.

By: _____

Kieron F. Quinn
Richard S. Gordon
102 West Pennsylvania Avenue
Suite 402
Towson, Maryland 21204
(410) 825-2300

Mark H. Steinbach
O'TOOLE, ROTHWELL, NASSAU &
STEINBACH
1350 Connecticut Avenue, N.W.
Suite 200
Washington, D.C. 20036
(202) 775-1550

Peter A. Holland
Benjamin H. Carney
THE HOLLAND LAW FIRM, P.C.
Clock Tower Place
1410 Forest Drive, Suite 21
Annapolis, Maryland 21403
410-280-6133

Attorneys for Named Plaintiff and the Class

## JURY TRIAL

Plaintiffs demand trial by jury.

_____
Richard S. Gordon