# UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND

CHAMBERS OF
J. FREDERICK MOTZ
UNITED STATES DISTRICT JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-0782
(410) 962-2698 FAX

May 16, 2006

Memo To Counsel Re: *Dalas Crowder v. AmeriCredit Financial Services, Inc., et al.*,
Civil No. JFM-06-707

Dear Counsel:

I have reviewed the memoranda submitted in connection with plaintiff's motion for remand.  The motion is denied.

Because plaintiff has not herself specified an amount in controversy and "because there [therefore] is simply no estimate of damages to which a court may defer," *Momin v. Maggiemoo's Int'l, L.L.C.*, 205 F. Supp. 2d 506, 509 (D. Md. 2002), no presumption against the existence of federal jurisdiction is warranted.  Under such circumstances, a defendant seeking removal of a complaint confronts a lower burden of proof to show the amount in controversy satisfies the jurisdictional amount.

Defendants have met that burden here.  Plaintiff seeks to represent a class that she alleges in her complaint "consists, at a minimum, of several hundred or thousands of persons who entered into credit contracts in Maryland which were assigned to AmeriCredit and whose vehicles were subsequently repossessed and sold."  She requests as relief, *inter alia*, an injunction barring defendants from collecting any deficiency balance from plaintiff or any member of the alleged class and a monetary judgment in the amount of three times the interest, costs, fees, and other charges that defendants collected in excess of the amount allegedly permitted under Maryland's Credit Grantor Closed End Credit Provisions.  Defendants have submitted in opposition to plaintiff's motion to remand the affidavit of Tisha Weems, AmeriCredit's Assistant Vice President - Corporate Services - Regulatory Compliance, in which she states (1) "[t]he average deficiency balance on motor vehicle installment sales contracts after repossession and sale for AmeriCredit's Maryland customers is approximately $10,000;" (2) "[t]he average total finance charge for motor vehicle installment contracts for AmeriCredit's Maryland customers is approximately $9,500;" and (3) "[d]uring the time period from January 1, 2004 through February 7, 2006, the number of AmeriCredit's Maryland customers who defaulted and whose cars were repossessed ranged between approximately 1,250 and approximately 1,775."  Assuming that the class includes 2,000 persons (an assumption fully warranted on the basis of plaintiff's class allegations), simple arithmetic demonstrates that the amount in controversy clearly exceeds the $5,000,000 threshold of the Class Action Fairness Act.

Plaintiff contends, however, that the statements by Ms. Weems are insufficient to establish federal jurisdiction because the proposed class consists only of AmeriCredit customers whose cars were sold at private sales while the average figures provided by Ms. Weems pertain to AmeriCredit customers whose cars were sold at either private or public sales.  Perhaps out of an abundance of caution it might be appropriate for me to ask defendants to provide more specific information in that regard.  However, plaintiff has provided absolutely no basis for inferring that the average deficiency balances and the average total finance charges are substantially different for AmeriCredit customers whose cars were sold at private sales than are the average deficiency balances and total finance charges for customers whose cars were sold at public sale.  Moreover, even if there is some difference in the average deficiency balances and the average total finance charges between these classes of customers, the dollar value of the damages sought by plaintiff on behalf of the asserted class is so far in excess of the $5,000,000 jurisdictional threshold of the Class Action Fairness Act that it would be entirely unreasonable for me to require defendants to incur the cost of exploring AmeriCredit's database to provide more specific information.  Although it obviously is premature to define with any particularity the size of the class or the value of the relief putative class members are entitled to, common sense dictates that on the existing record the amount in controversy exceeds $5,000,000.

A separate order denying plaintiff's motion to remand is being entered herewith.

Very truly yours,

/s/

J. Frederick Motz
United States District Judge