**THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)**

| | |
|---|---|
| DALAS THEREISA CROWDER, *et al*., <br><br> *On her own behalf and on behalf of all Others similarly situated,* <br><br>         *Plaintiffs*, <br><br> v. <br><br> AMERICREDIT FINANCIAL SERVICES, INC., *et al*., <br><br>         *Defendants*. | Civil Action No. 1:06cv707 PWG |

**FINAL ORDER APPROVING SETTLEMENT,
CERTIFYING SETTLEMENT CLASS AND GRANTING RELATED MOTIONS**

  Upon review and consideration of the Settlement Agreement dated January 5, 2007, as amended by the Amendment dated June 8, 2007, by and between the Plaintiffs (acting individually and on behalf of the Class defined below) and Defendants, AmeriCredit Financial Services, Inc., Cavalry Investments, LLC, and Cavalry Portfolio Services, LLC, the memoranda and arguments of counsel, and the lack of any objections to the settlement, and for the reasons stated on the record in Court at the hearing on June 8, 2007,

  IT IS HEREBY ORDERED and adjudged as follows:

  1. Pursuant to FED. R. CIV. P. 23(e), the settlement of this action, as embodied in the terms of the Settlement Agreement dated January 5, 2007, as amended by the Amendment dated June 8, 2007 ("the Agreement, as Amended") is hereby finally approved as a fair, reasonable, and adequate settlement of this case in light of the factual, legal, practical and procedural considerations raised by this case. The Agreement, as Amended (attached as Exhibits 1 and 2), is

incorporated by reference into this Order (with capitalized terms as set forth in the Agreement, as Amended) and is hereby adopted as an Order of this Court provided that nothing in this Order shall be deemed or construed to alter or modify the terms of the Agreement, as Amended.

2. For the purpose of settlement, as addressed further below, pursuant to FED. R. CIV. P. 23(a), (b)(2), and (b)(3), the Court hereby finally certifies the following Class in *Crowder v. AmeriCredit Financial Services, Inc.*, Civil Action No. 1:06cv707 JFM (D. Md.):

> All consumers whose vehicles were repossessed and sold at Private Sale by AmeriCredit from February 7, 2002 through and including May 31, 2005, in connection with an installment sale contract governed by CLEC, where the consumer resided in the State of Maryland at the time of repossession.

The Settlement Class excludes: (a) any individual who now is, or ever has been an officer of any of the Defendants, as well as the spouses, parents, siblings and children of all such individuals; (b) any individual who was not a resident of the State of Maryland as of the date that their vehicle was repossessed; (c) any individual against whom one or more of the Defendants obtained a final judgment on or before February 7, 2006; and (d) any individual who filed a petition for relief pursuant to the United States Bankruptcy Code or state receivership laws.

3. The Court finds that notice previously given to 2,550 borrowers who were involved in transactions with the Defendants, was the best notice practicable under the circumstances and satisfies the requirements of due process and Rule 23 of the Federal Rules of Civil Procedure. The Court further finds that of the transactions that potentially met the class definition, all borrowers in these transactions meet the class definition approved above.

4. The Court appoints Dalas Thereisa Crowder as Representative Plaintiff of the Class and finds that she meets the requirements of FED. R. CIV. P. 23.

5. The Court appoints the following lawyers as counsel to the Class, and finds that

these counsel meet the requirements of FED. R. CIV. P. 23:

>Martin E. Wolf (Bar No. 09425)
>Richard S. Gordon (Bar No. 06882)
>QUINN, GORDON & WOLF, CHTD.
>102 West Pennsylvania Avenue, Suite 402
>Baltimore, MD  21204-4803
>
>Mark H. Steinbach (Bar. No. 26538)
>O'Toole, Rothwell, Nassau & Steinbach
>1350 Connecticut Avenue, N.W., Suite 200
>Washington, D.C. 20036
>
>Peter A. Holland (Bar No. 10866)
>Benjamin H. Carney (Bar No. 27984)
>THE HOLLAND LAW FIRM, P.C.
>Clock Tower Place
>1410 Forest Drive, Suite 21
>Annapolis, Maryland 21403

Martin E. Wolf is hereby appointed as Lead Counsel for the Class.

6. The Court further finds that, in accordance with paragraphs 1 and 2 of this Order, all the requirements for class certification are met in this case:

**a.    The Prerequisites of FED. R. CIV. P. 23**:

FED. R. CIV. P. 23(a) requires the following four threshold elements be met in order for a class to qualify for certification: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claim or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative will fairly and adequately protect the interests of the class.

> **FED. R. CIV. P. 23(a)(1) (numerosity)**: The proposed Class in this action consists of all consumers whose vehicles were repossessed and sold at Private Sale by AmeriCredit from February 7, 2002 through and including May 31, 2005, in connection with an installment sale contract governed by Maryland's Credit Grantor

Closed End Credit Provisions ("CLEC"), MD. CODE ANN., COMM. LAW. § 12-1001 *et seq.*, where the consumer resided in the State of Maryland at the time of repossession. The Settlement Class excludes: (a) any individual who now is, or ever has been an officer of any of the Defendants, as well as the spouses, parents, siblings and children of all such individuals; (b) any individual who was not a resident of the State of Maryland as of the date that their vehicle was repossessed; (c) any individual against whom one or more of the Defendants obtained a final judgment on or before February 7, 2006; and (d) any individual who filed a petition for relief pursuant to the United States Bankruptcy Code or state receivership laws. This Court finds that approximately 2,550 transactions meet this definition and, therefore, the Class is so numerous that joinder would be impracticable in this case. Thus, the Court finds that the numerosity requirement under FED. R. CIV. P. 23(a)(1) is satisfied.

**FED. R. CIV. P. 23(a)(2) (commonality of facts and law):** Plaintiffs allege in this case that AmeriCredit effected the repossession of Class members' vehicles through form notices of the pending sale and, thereafter, form notices of the claimed deficiency that failed to comply with all of the requirements of CLEC. Plaintiffs assert that such a practice also violated Maryland's Consumer Protection Act, MD. CODE ANN., COMM. LAW § 13-101 *et seq.* The Court finds that a determination of the legality of the Defendants' practices concern common questions of law and fact. As such the Court finds the requirements of FED. R. CIV. P. 23(a)(2) are satisfied.

**FED. R. CIV. P. 23(a)(3) (typicality of claims and defenses):** This factor focuses on the consideration of whether the representative's interests are truly aligned and consistent with those of the Class members. In this case, the Named Plaintiffs' claims are identical to every other Class member. Furthermore, the defenses to liability, if any, are similar as to every Class member. Thus, the Court finds that the requirement of typicality under FED. R. CIV. P. 23(a)(3) is satisfied.

**FED. R. CIV. P. 23(a)(4) (adequate representation):** The Named Plaintiff's claims are not conflicting or inconsistent with any Class member claims. Moreover, the Court finds that Plaintiffs are represented by able counsel with extensive experience in class action litigation, who have adequately represented the interests of the Class. Thus, the Court finds that the requirement of adequate representation under FED. R. CIV. P. 23(a)(4) is satisfied.

**b.    Requirements of FED. R. CIV. P. 23(b):**

After the requirements of FED. R. CIV. P. 23(a) are found to exist, the Court must determine pursuant to FED. R. CIV. P. 23(b) whether this case may be maintained as a class action under FED. R. CIV. P. 23(b)(1), (b)(2) or (b)(3).

**FED. R. CIV. P. 23(b)(2):** The legality of the repossession private sale form notices and thereafter the claimed deficiency form notices in the subject transactions (all of which involved Defendants) is generally applicable to the Class as defined above. Plaintiffs have requested, and the Settlement provides for, injunctive and equitable relief that affects the rights of the Class as a whole including: 1) Defendants paying the Class $2,635,000 as restitution; 2) Defendants are no longer using the defective pre-

sale and post-sale accounting disclosures and also modified their respective pre-sale and post-sale accounting disclosures to be in compliance with Maryland law; 3) Defendants have agreed to waive all outstanding balances and/or deficiencies that are owed in connection with the class members' installment sale contracts and dismiss any pending lawsuits grounded upon an alleged deficiency or balance due with respect to any of those contracts and which are believed to total in excess of $20,000,000; 4) Defendants have agreed to take appropriate steps, as set forth in the Settlement Agreement, to cause the Credit Reporting Agencies to delete the trade line relating to the default under the installment sale contract that AmeriCredit held, which is a recovery that is extraordinarily valuable to each Class member that is hard to value in actual dollars, but is a remedy that the Class could not have recovered had this matter gone to trial. Therefore, class certification under FED. R. CIV. P. 23(b)(2) is appropriate.

**FED. R. CIV. P. 23(b)(3):** This Court also finds that the allegations in this case focus on a uniform and consistent pattern of conduct and that there are common, over-riding legal claims held by all Class members regarding the legality of the pending repossession sale form notices and thereafter the claimed deficiency form notices in the subject transactions during the class period. The Court further finds that the pursuit of numerous individual cases which would be essentially identical, would be a waste of judicial time and resources. In summary, common questions predominate over individualized questions and a class action suit is the superior vehicle to efficiently adjudicate this lawsuit. Certification under FED. R. CIV. P. 23(b)(3) is appropriate.

7. After due consideration of the Representative Plaintiff's likelihood of success at

trial; the range of Representative Plaintiff's possible recovery; the range of possible recovery at which a settlement is fair, adequate, and reasonable; the complexity, expense and duration of the litigation; the lack of any opposition to the settlement; the lack of objections to the settlement; the state of proceedings at which the settlement was achieved; all written submissions; affidavits and arguments of counsel; and after notice and a hearing; and for the reasons stated in Court at the hearing on June 8, 2007, this Court finds that the settlement is fair, adequate, and reasonable and hereby GRANTS

    A.    The motion for final approval of the settlement (Doc. # 61);

    B.    The motion for a *cy pres* account (Doc. # 62);

    C.    The motion for an award of attorney's fees and costs (Doc. # 63); and

    D.    The motion for an incentive payment to the Named Class Representative (Doc. # 64).

    Accordingly, the Agreement, as Amended, should be and is approved and shall govern all issues regarding the settlement and all rights of the parties to this settlement, including the Class Members. Each Class Member shall be bound by the Agreement, as Amended, including the releases in the Agreement, as Amended, which are hereby incorporated by reference and becomes part of the final judgment in this action.

    8.    The parties are hereby ORDERED promptly to carry out their respective obligations under the Agreement, as Amended, and The Casey Group, LTD is hereby DIRECTED to pay all Class members who either made a payment to any of the Defendants following the repossession of his/her motor vehicle, or, paid any of the Defendants an amount in excess of the total Amount Financed on their installment sale contract, in accordance with the formula set forth in the Agreement, as Amended, within fifteen (15) calendar days after the Effective Date, as

defined in the Agreement, as Amended.

9. In accordance with the Agreement, as Amended, within five (5) calendar days after the Effective Date, as defined in the Agreement, as Amended, The Casey Group, LTD, shall pay, or take all reasonable steps to transfer, assign or release the following funds, out of the Settlement Fund, to the Trust Account of Quinn, Gordon & Wolf, Chtd, lead Plaintiff's Counsel:

    (i) Attorneys' fees equal to one-third of the Settlement Fund as set forth in the Settlement Agreement, as Amended, to be distributed among counsel for the Plaintiff Class in accordance with their agreement.

    (ii) Litigation expenses totaling **$675.40** to be distributed among counsel for the Plaintiff Class in accordance with their agreement.

    (iii) Incentive payment totaling **$5,000** for the Named Plaintiff Dalas Thereisa Crowder to award the Named Class Representative for her participation in this action.

10. No later than **July 8, 2007**, the Settlement Administrator shall certify to the Court and counsel that all settlement checks have been mailed to all Class Members in accordance with the formula set forth in, and terms of, the Agreement, as Amended.

11. No later than **December 8, 2007**, the Settlement Administrator shall submit a report and accounting to the Court on any residue in the Settlement Fund.

12. The Court GRANTS the Joint Motion to Seal Plaintiff's motions and supporting memoranda in support of approval of the settlement (Doc. # 61) and for an award of attorney's fees (Doc. # 63), made orally in Court at the hearing on June 8, 2007.

13. The Court hereby approves the protocol for distributing the unclaimed settlement funds set forth in ¶ 28 of the Agreement, as Amended, as fair, reasonable, and warranted under the circumstances. In accordance with ¶ 28 of the Agreement, as Amended, any residue from the

Settlement Fund shall create a *cy pres* fund. The *cy pres* fund shall be donated, with the approval of the Court, as follows: (1) 50% shall be paid to the Public Justice Center, Inc.; and (2) 50% shall be paid to the Maryland Consumer Rights Coalition, Inc. (collectively the "*cy pres* recipients").

14. Pursuant to Fed.R.Civ.P. 54(b), this Court hereby dismisses this Action on the merits and with prejudice as to all Released Claims.

15. All Class Members are hereby conclusively deemed to have released and discharged the Defendants and the Released Persons as to all Released Claims in accordance with the terms of Paragraph 30 of the Agreement, as Amended; provided, however, that Plaintiff and the Class Members have not released or discharged the Defendants from performing their obligations under the Agreement, as Amended.

16. Each and every Class Member is permanently enjoined from bringing, joining, assisting in, or continuing to prosecute against any of the Released Persons for any of the Released Claims.

17. This Court retains jurisdiction of all matters relating to the interpretation, administration, implementation, effectuation, and enforcement of the Settlement Agreement. The Court further retains jurisdiction to enforce this Order entered this day.

                                        BY ORDER OF THE COURT

                                        _____
                                        Judge Paul W. Grimm
                                        United States District Court Magistrate

Dated:  June __, 2007